FILED
SUPERIOR COURT
OF GUAM

2024 SEP -6 PM 3: 52

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **DIANN A. NAPUTI, Personally and as Guardian for HILDEGARD ASUNCION,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**VERN STANLY ASUNCION, JR.,**<br><br>**Defendant,** | Case No. CV0652-21<br><br>**DECISION AND ORDER**<br>**(Motion to Amend)** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on June 18, 2024, for a Motion Hearing between Diann A. Naputi ("Plaintiff") and Vern Stanly Asuncion, Jr. ("Defendant"), who filed a Motion to Amend Pleadings. Present were Attorney Daniel J. Berman on behalf of Plaintiff and Attorney Mark Williams on behalf of Defendant. After reviewing the pleadings, relevant law, and arguments from the parties, the Court finds that the Motion to Amend is not futile. The Motion to Amend is therefore **GRANTED**.

///

///

## BACKGROUND

This matter stems from a Verified Complaint filed on August 27, 2021, for civil wrongs involving Hildegard Asuncion's estate, realized during a time-period between 2017 and 2020. Verified Compl. (Aug. 25, 2021). On November 18, 2021, Defendant filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). Mot. to Dismiss Pursuant to Rules 12(b)(1) & 12(b)(6) (Nov. 18, 2021). On December 2, 2021, Plaintiff filed their Opposition. Pl.'s Opp'n to Def.'s Mot. to Dismiss (Dec. 2, 2021). On February 21, 2022, Plaintiff filed their First Amended Verified Complaint. 1st Am. Verified Compl. (Feb. 21, 2022). Then, on August 19, 2022, the Honorable Arthur R. Barcinas issued a Decision and Order dismissing the original pleading and the First Amended Verified Complaint. *Diana A. Naputi, et. al. v. Vern Stanly Asuncion, Jr.*, CV0652-21 (Super. Ct. Guam. Aug. 19, 2022). The dismissal was not with prejudice. *Id.*

On October 5, 2022, Plaintiff engaged substitute legal counsel to transfer her representation to the Berman Law Firm. Notice of Entry of Appearance & Request for Service; Cert. of Service (Oct. 5, 2022). On October 7, 2022, now with new counsel, Plaintiff filed a Motion for an order granting leave to file another, Second Amended Complaint. Pl.'s Mot. & Mem. of Points & Auths. in Supp. of Order Granting Leave to File 2d Am. Compl. (Oct. 7, 2022). On the same day, Plaintiff filed the proposed, Second Amended Complaint. Decl. of Pl.'s Counsel re: Amendment of Compl. (Oct. 7, 2022). On November 7, 2022, Defendant filed their Opposition. Opp'n to Pls.' Mot. for Leave to File 2d Am. Compl. (Nov. 7, 2022). On November 18, 2022, Plaintiff filed their Reply. Pl.'s Reply to Opp'n to Pls.' Mot. for Leave to File 2d Am.

Compl. (Nov. 18, 2022). This matter was assigned to this Court on June 7, 2023. Notice of J. Assignment (June 7, 2023). On June 18, 2024, this Court took the matter under advisement.

## DISCUSSION

Defendant maintains that Guam Rule of Civil Procedure 15 is the incorrect legal standard governing this case, because the Plaintiff is requesting an amendment after the dismissal of an action, and, therefore, the more stringent requirements of Rules 59(e) or 60(b) should apply. Pl.'s Opp'n to Def.'s Mot. to Dismiss at 5, (Dec. 2, 2021). Plaintiff replies that, under precedent established by the Ninth Circuit, an order dismissing a complaint (like the order in this case) is generally not considered a final order, unless the court expressly dismissed the action, or the court made clear that the action could not be saved by amending the complaint. Pl.'s Reply to Opp'n to Pls.' Mot. for Leave to File 2d Am. Compl. at 3, (Nov. 18, 2022) (citing *Firchau v. Diamond Nat. Corp.*, 345 F.2d 269, 270-271 (9th Cir. 1965)). The Court agrees that a dismissal of a complaint, rather than an express dismissal of an action does not qualify as a final order, and therefore Guam Rules of Civil Procedure 15 should apply rather than Rules 59 and 60.

Guam Rules of Civil Procedure 15 "allows for amendment to pleadings 'by leave of court or by written consent of the adverse party' and states that 'leave shall be freely given when justice so requires." *M Elec. Corp.*, 2016 Guam 35 ¶ 40. "Guam Rule of Civil Procedure 5 1 5(a)—concerning amended and supplemental pleadings—was derived from its federal 6 counterpart." *Bautista v. Torres*, 2017 Guam 17 ¶ 28 (quoting *M Elec. Corp.*, 2016 Guam 35 ¶ 40). "Therefore, federal interpretation of FRCP 15 is persuasive when interpreting our own GRCP 15." *M Elec. Corp.*, 2016 Guam 35 ¶ 40.

Under Rule 15(b) of the Guam Rules of Civil Procedure ("GRCP"),

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

The Supreme Court of Guam has held that a motion to amend should be denied when the movant acts in bad faith, when there would be undue prejudice to the opposing party should the amendment be granted, or the proposed amendment is futile. *See Arashi & Co. v. Nakashima Ents., Inc.,* 2005 Guam 21, ¶ 16.

### A. Is the Motion to Amend Disfavored Because It Comes Post-Dismissal?

The Court answers this question in the negative. Defendant asserts that post-dismissal motions for leave to amend are disfavored, because they are not "liberally granted" and that courts have "considerable discretion to grant or deny such favored motions." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 5, (Dec. 2, 2021) (citing *Doe v. N. Homes, Inc.,* No. 18-CV-3419 (WMW/LIB), 2020 WL 2316812, at *2 (D. Minn. May 11, 2020)). Plaintiff points out, however, that the more stringent requirements of Rules 59(e) and 60(b) do not apply in this case, and under the more liberal standard of Rule 15(a), a Motion to Amend is not disfavored because it comes post-dismissal. Pl.'s Reply to Opp'n to Pls.' Mot. for Leave to File 2d Am. Compl. at 2-4, (Nov. 18, 2022). As mentioned

4

above, this Court agrees that Rule 15(a), not Rules 59(e) and 60(b), applies, and therefore the Motion to Amend is not disfavored because it comes post-dismissal.

### B. Is the Motion to Amend Justified by Discovery?

The Court answers this question in the negative. Plaintiff claims that discovery "often justifies a subsequent amendment to the complaint." Pl.'s Mot. & Mem. of Points & Auths. in Supp. of Order Granting Leave to File 2d Am. Compl. at 5, (Oct. 7, 2022) (citing *Matarazzo v. Friendly Ice Cream Corp.*, 70 F.R.D. 556, 559 (1976)). Plaintiff also cites *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, where the court "abused its discretion by denying amendment when evidence for amendment was discovered shortly before trial." *Id.* citing *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1044-45 (4th Cir. 1984). However, Defendant points out that this argument "fails" because "a review of Plaintiff's prior pleadings and new exhibits makes clear that the proposed amendments [are] not based on newly discovered evidence. Pl.'s Opp'n to Def.'s Mot. to Dismiss at 8 and 3-4, (Nov. 7, 2022). Defendant further illustrates this by pointing out that all of the exhibits were previous filed or cited in this and they are not, therefore, "newly discovered": Exhibits A and B were identified in Plaintiff's First Amended Complaint; Exhibit C is a document that Plaintiff herself filed in this Court; Exhibit D was replied upon to initiate the lawsuit; and Exhibit E is referenced in Plaintiff's First Amended Verified Complaint. Pl.'s Opp'n to Def.'s Mot. to Dismiss at 4-5, (Nov. 7, 2022). This Court agrees with Defendant and Plaintiff does not contest any of this in their Reply. Therefore, the Motion Amend is not justified by new discovery.

### C. Is the Motion to Amend Disfavored Because of Repeated Failures to Cure Deficiencies?

The Court answers this question in the negative. Defendant asserts that Plaintiff has repeatedly failed to cure the deficiencies of their complaint and that "repeated failures to cure deficiencies by amendments previously allowed" is a factor that may mitigate against leave to amend. Pl.'s Opp'n to Def.'s Mot. to Dismiss at 9, (Nov. 7, 2022) (citing *Arashi & Co. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16). Plaintiff replies, however, that *Arashi* and other cases cited by Defendant are distinguishable, because they "denied leave to amend the complaint for a third time and Plaintiff Naputi here has cured formed faults." Pl.'s Reply to Opp'n to Pls.' Mot. for Leave to File 2d Am. Compl. at 5, (Nov. 18, 2022). Further, Plaintiff "engaged substitute legal counsel for preparation of the Proposed Second Amended Complaint." *Id.* The Court agrees that these facts distinguish the present matter from *Arashi*, and that new counsel has addressed the deficiencies found by the Honorable Arthur B. Barcinas in his previous Decision and Order. Therefore, the Motion to Amend is not disfavored because of repeated failures to cure deficiencies.

### D. Is the Motion to Amend Futile Because the Plaintiff's Claims Are Time Barred?

The Court answers this question in the negative. Defendant asserts that Plaintiff's claims are time barred, and therefore amendment is futile. Pl.'s Reply to Opp'n to Pls.' Mot. for Leave to File 2d Am. Compl. at 9, (Nov. 18, 2022) (citing *Holmes v. Flower Food, Inc.*, 542 F. App'x 556, 557 *9th Cir. 20139 and *McGhee v. Guam Cmty. Coll.*, No. CIV. 07 – 00012, 2008 WL 914996, at *3 (D. Guam Mar. 31, 2008). Defendant's argument is derived from the fact that Plaintiff's claims, "are based on the Grant Deed (July 6, 2017) and Durable Power of Attorney (July 27,

2017)" and the applicable limitation periods for the claims "are one year from the date of the registration of the land for a quiet title action." *Id.* at 10 (citing 21 GCA § 29146 (one year for Conversion) and 7 GCA § 11305(d) (three years for Breach of Fiduciary Duty and three years for Fraud). Therefore, according to Defendant, the statute of limitations ran out on these claims in July 2018 and July 2020, before Plaintiff filed their original Verified Complaint on August 27, 2021. *Id.* at 10.

Plaintiff replies that, generally, "plaintiffs may overcome the statute of limitations if they properly plead the circumstances surrounding the discovery of the cause of action and why it could not have been discovered sooner." Pl.'s Reply to Opp'n to Pls.' Mot. for Leave to File 2d Am. Compl. at 6, (Nov. 18, 2022) (citing *Bourland v. Salas*, DCA CIV. 82-0224A, 1986 WL 68918, at *3 (D. Guam App. Div. Oct 24, 1986). Plaintiff concedes that "[d]iscovery occurs when a plaintiff could have discovered the wrongful acts with reasonable diligence," however, "a fiduciary relationship does relax the requirement for diligent inquiry." *Id.* (citing *Salas*, DCA CIV. 82-0224A, 1986 EL 68919, at *4 and *Knapp v. Knapp*, 15 Cal.2d 237, 100 P.2d 759, 761 (1940)). As such, Plaintiff argues that Defendant stood in a "confidential and fiduciary relationship with Hildegard Asuncion" and therefore the requirement of diligent inquiry should be relaxed. *Id.* Finally, and critically, Plaintiff argues that "the underlying facts were not or should not have been discovered until on or about August 20, 2021, when Plaintiff's *Ex Parte* Petition for Appointment of Guardian (showing that Hildegard Asuncion suffers from mental and physical dependency) was granted." *Id.*

Defendant argues, in contrast, that "Plaintiff Hildegard Asuncion – who signed her estate planning documents in the presence of a notary – was aware of the transactions and must be

presumed to have had knowledge of them at the time." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 12, (Nov. 7, 2022). These documents were signed in 2017, so Defendant seems to think that 2017 is when "Plaintiff Hildegard Asuncion" should have discovered the facts circumstances surrounding the causes of action. However, so-called "Plaintiff Hildegard Asuncion" is not actually the Plaintiff in this case. *Diann A. Naputi is the Plaintiff*, personally and as Guardian for Hildegard Asuncion. Therefore, the underlying facts were not or should not have been discovered by Plaintiff Diann A. Naputi until on or about August 20, 2021, when Plaintiff's *Ex Parte* Petition for Appointment of Guardian (showing that Hildegard Asuncion suffers from mental and physical dependency) was granted." As such, the Motion to Amend is not futile because the claims are time barred.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion to Amend. Any and all amendments must be filed within twenty days of this Order.

**SO ORDERED**, this 6th Day of September 2024.

**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

8